**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 23-83-DLB**

**RONALD VANDOREN JONES**                                                      **PETITIONER**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**DAVID LEMASTER, WARDEN**                                             **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Ronald Jones is a prisoner confined at the federal correctional institution in Ashland, Kentucky. Jones has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and has paid the required filing fee. (Doc. # 1, # 4). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

Jones is currently serving a 108-month federal sentence following his 2018 conviction for being a felon in possession of a firearm. *United States v. Jones*, No. 3: 17-CR-28-1 (E.D. Va. 2017). During his incarceration, Jones has completed substantial rehabilitative programming, and in 2022 two officers of the Bureau of Prisons drafted letters commending him for his efforts. Jones included these letters in his March 2023 motion requesting a recommendation for a twelve-month placement in a halfway house. (*See* Doc. # 138-1).

A provision of the First Step Act of 2018 ("FSA") permits federal inmates to earn incentives, including additional days of credit against their sentence if they complete certain BOP programs. *See* 18 U.S.C. § 3632. However, those credits, even when

1

earned, can only be applied to the prisoner's period of prerelease custody or supervised release if he or she "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner." 18 U.S.C. § 3624(g)(1)(D)(i)(I). The statute also includes a safety valve provision which permits, but does not require, the warden to approve a petition by an otherwise ineligible prisoner to apply the credits if certain criteria are met. 18 U.S.C. § 3624(g)(1)(D)(i)(II); 28 C.F.R. § 523.44(c)(2).

Beginning in January 2023, Jones began pursuing his administrative remedies by filing a grievance form requesting that his earned FSA credits be applied towards prerelease custody. These grievances and subsequent appeals were denied at every level because Jones had a Recidivism Risk Level ("RRL") of "medium," rather than the two consecutive assessments at "minimum" or "low" as required by Section 3624(g). (Doc. # 1-4 at 6-14, 22).

In April 2023, while his appeals were still pending, Jones separately petitioned the warden pursuant to 28 C.F.R. § 523.44(c)(2) to permit application of his FSA credits to prerelease custody notwithstanding his medium RRL. (Doc. # 1-4 at 33, 35). The statute and regulation both give the warden authority to decide such petitions. However, the BOP has published a policy statement regarding implementation of FSA, which states in pertinent part that "[t]he Warden will consult with the Regional Director before approving an inmate under section (c)(2), unless an exemption is granted by the Regional Director consistent with the Program Statement Directives Management Manual." BOP Program Statement 5410.01 § 10 (March 10, 2023). Consistent with this direction, in June 2023 the warden submitted his recommendation that Jones's request be granted to the regional

2

director.  (*See* Doc. # 1 at 10).  However, by early August 2023 the warden had not yet received a response from the regional director.  (Doc. # 1-4 at 27).

Jones filed his petition in this Court one week later.  (*See* Doc. # 1 at 8).  Jones asserts that the Program Statement's requirement that the warden first consult with the regional director amounts to a *de facto* regulation.  He further emphasizes that the authority to make a decision on his petition remains with the warden, who could disagree with the regional director's recommendation and grant this petition against the regional director's wishes.  (Doc. # 1 at 11-12).  Jones asks this Court to order the BOP to apply his FSA credits towards his supervised release and prerelease custody.  (Doc. # 1 at 13).

Having thoroughly reviewed Jones's petition and the material he has filed in support of it, the Court must deny relief for three reasons.  First and foremost, Jones's claim is not cognizable in a habeas corpus petition.  Habeas corpus challenges are reserved for those decisions by prison officials that have a direct and immediate effect upon the fact or duration of a prisoner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Jones does not claim entitlement to earlier release to a halfway house; he claims that the warden has used the wrong *procedure* to evaluate his request, contending that the warden can or should make the decision regarding the petition without consulting the regional director.  (Doc. # 1 at 11-12).  But even if Jones were correct, he would not be entitled to a favorable determination and sooner release, and hence his claim does not sound in habeas.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new parole application.").

3

Second, Jones has made no effort to exhaust his administrative remedies with respect to the claims he presents in his petition. Such exhaustion is required. *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). As noted above, Jones did exhaust a claim that he was *entitled* to application of FSA credits under Section 3624. But he did not file his petition for a substantive exception under Section 523.44(c)(2) with the warden until months later, and the record indicates no effort to exhaust the purely procedural argument he asserts in his petition. Instead, he filed his petition one week after the warden told him that his requested exception remained pending.

Finally, Jones's claim is without merit. The pertinent statute, 18 U.S.C. § 3624(g)(1)(D)(i)(II) grants the warden the authority to approve a prisoner's petition for an exception, and further establishes substantive criteria for evaluating it, but conspicuously does not establish any particular procedure to follow in doing so. Instead, the statute implicitly leaves such matters to the sole discretion of the warden. Nothing in the record indicates that the warden has abdicated his decision-making authority or delegated it to the regional director, only that he is "consult[ing] with the Regional Director" as directed by the Program Statement. Neither that fact nor any delay on the regional director's part in responding contravenes Section 3524.

For each of these reasons, the Court will deny the petition.

Accordingly, the Court **ORDERS** as follows:

(1)  Ronald Jones's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

(2)  This matter is **STRICKEN** from the docket.

4

(3)     A Judgment will be entered contemporaneously with this Order.

This 18th day of October, 2023.



K:\DATA\ORDERS\PSO Orders\0-23-83-DLB Jones Memorandum.docx